Juan Carlos RODRIGUEZ–OZUNA; Erika Hernandez–Salazar, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–72971.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2006.

Filed July 30, 2007.

---

Robert G. Berke, Esq., Berke Law Office, Los Angeles, CA, for Petitioners.

District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, W. Manning Evans, U.S. Department of Justice, Civil Division, Washington, DC, for Respondent.

Before: BEEZER, WARDLAW, and PAEZ, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

## MEMORANDUM *

Juan Carlos Rodriguez–Ozuna and Erika Hernandez–Salazar petition for review of the denial of their applications for cancellation of removal under 8 U.S.C. § 1229b by the Board of Immigration Appeals ("BIA"), which affirmed without opinion the decision of an Immigration Judge ("IJ"). The IJ denied both applications, finding Rodriguez–Ozuna statutorily ineligible for failure to demonstrate good moral character during the ten-year period preceding his application, *see* § 1229b(b)(1)(B), and finding Hernandez–Salazar statutorily ineligible for failure to demonstrate ten years' continuous physical presence in the United States, *see* § 1229b(b)(1)(A).

Both parties agree that the IJ's conclusion that Hernandez–Salazar was statutorily ineligible for cancellation of removal requires reconsideration in light of *Tapia v. Gonzales*, 430 F.3d 997 (9th Cir.2005), where we held that "being turned away at the border by immigration officials ... does not itself interrupt the accrual of an alien's continuous physical presence." *Id.* at 998; *see also In re Avilez–Nava*, 23 I. & N. Dec. 799, 799 (BIA 2005) (holding that an unsuccessful attempted reentry does not rupture the accrual of continuous physical presence without evidence of a "formal, documented process pursuant to which the alien was determined to be inadmissible"). We therefore grant the petition for review as to Hernandez–Salazar and remand for further proceedings consistent with *Tapia*.

We also grant the petition for review as to Rodriguez–Ozuna because the IJ erred as a matter of law in basing her moral character determination on a 1992 convic-

tion. Because the IJ issued her decision in 2003, and because the final agency decision occurred in 2004 when the BIA summarily affirmed, the 1992 conviction was not relevant to Rodriguez–Ozuna's statutory eligibility for cancellation of removal. *See In re Ortega–Cabrera,* 23 I. & N. Dec. 793, 797–98 (BIA 2005) ("[C]ommission of a disqualifying act beyond the 10–year period looking backward from the date of the final administrative decision will not render an alien ineligible for relief on grounds of moral character.").

**PETITION GRANTED and REMANDED.**